## J. L. Stoutenborough and Robert Miller, Appellees, v. Edna Mae Miller, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of De Witt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed July 2, 1914.

### Statement of the Case.

Proceeding begun in the County Court by J. L. Stoutenborough and Robert Miller to have a conservator appointed for Edna Mae Miller on the ground she was feeble-minded and incapable of caring for her property. A trial by jury resulted in a verdict finding defendant feeble-minded. Upon an appeal to the Circuit Court a similar verdict was returned and a judgment was entered that a conservator should be appointed. To reverse the judgment, defendant appeals.

HERRICK & HERRICK, for appellant.

INGHAM & INGHAM, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 367*—*when opinions as to mental capacity incompetent.* On the hearing of a petition to have a conservator appointed for defendant on the ground she was feeble-minded and incapable of caring for her property, permitting the petitioners to ask their witnesses after they had testified as to defendant's mental capacity whether they thought she would know and understand the nature of the mortgage for three thousand dollars executed by her upon her land "and other like questions, and permit-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ting them to ask the same questions of defendant's witnesses on cross-examination, *held* improper for the reason the witnesses were not experts, and that though they were competent to give an opinion concerning defendant's mental condition, from what they had seen and observed, they knew nothing about the mortgage except what they had been told, and were no better qualified to give expert opinion with reference to her capacity to understand the mortgage than the jury.

2. EVIDENCE, § 365*—*applicability of rule as to opinion evidence on cross-examination*. The rule concerning the right of lay witnesses to give their opinion is the same whether the questions are asked on direct or cross-examination.

3. INSANE PERSONS, § 5*—*admissibility of evidence*. In a proceeding for the appointment of a conservator, where the issue was whether the defendant was feeble-minded, a note given to defendant by her brother shortly before the trial *held* admissible.

4. INSTRUCTIONS, § 81*—*when objectionable as argumentative*. On the hearing of a petition for the appointment of a conservator, seven instructions given at the request of the petitioners *held* improper as being argumentative in their nature in that they directed the attention of the jury to a note and mortgage given by defendant and told the jury that they should consider them with all the other evidence.

5. INSTRUCTIONS, § 81*—*when objectionable as argumentative*. In a proceeding for the appointment of a conservator, an instruction telling the jury that the proceeding was for the purpose of protecting the estate of defendant, *held* objectionable as argumentative.